CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
OCT 2 5 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BELINDA N. COLEMAN, ) | CASE NO. 4:05CV00026 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| JO ANNE B. BARNHART, ) | By: B. Waugh Crigler |
| Commissioner of Social Security, ) | U. S. Magistrate Judge |
| ) | |
| Defendant. ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 30, 2002 application for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter REVERSING the Commissioner's final decision denying benefits at the fourth level of the sequential evaluation, but REMANDING the case for further proceedings

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 39 years old at the time with special education through high school, deemed by the Law Judge to be a marginal education, and with past relevant work as a Certified Nursing Assistant (CNA), was insured for disability benefits through the date of his decision. (R. 21, 27.) The Law Judge found that plaintiff had "an

impairment or a combination of impairments" which he "considered 'severe' impairments," though he did not identify them with any specificity in his ultimate findings.[1] The Law Judge was of the view that none of plaintiff's impairments, alone or in combination, met or equaled any listed impairment, and he made two findings specifically concerning plaintiff's borderline intellectual functioning in support thereof. First, he found that her borderline IQ "did not impose more than a minimal effect on her functional capabilities." (R. 23.) Then, by relying "in part on the opinions of the state agency medical consultants who evaluated this issue at the initial and reconsideration levels of the administrative process and [who] reached the same conclusion," the Law Judge found that plaintiff's impairments, alone or in combination, did not impose "significant work-related limitations of functioning of the severity to meet or equal any listing." (R. 23.) Observing that those state agency functional assessments were "consistent with a full range of light work activity," nevertheless, he determined that plaintiff retained the functional capacity essentially for medium work, notwithstanding her low I.Q. (R. 22, 26.)[2] Because he found plaintiff able to perform work-related activities in the medium work category, and notwithstanding the receipt of vocational evidence concerning the availability of gainful employment only at the light and sedentary exertional levels, the Law Judge concluded that plaintiff was not disabled from her past relevant work as a CNA, thus ending the sequential inquiry unfavorably to the plaintiff. (R. 27, 277-280.)

---

[1] In the body of his decision, the Law Judge recited portions of the treating source evidence concerning plaintiff's physical condition, such as intermittent chest pain, shortness of breath, history of laparoscopic cholecystectomy, high blood pressure and obesity (270 pounds at 64 inches tall). (R. 22-23, 25.) He specifically found that IQ testing "revealed scores of Verbal 65, Performance 72, and Full Scale 67." (R. 23.)

[2] A vocational expert (VE) who testified at the hearing concluded that plaintiff's past relevant work as a CNA was "in the medium to heavy" categories. (R. 278.) See 20 C.F.R. §§ 404.1567(c) and (d); 20 C.F.R. §§ 416.967(c) and (d).

2

While the case was on administrative appeal, plaintiff, by her counsel, submitted additional medical evidence. (R. 227-240.) The Appeals Council determined there was no basis in the record or the new evidence to review or change the Law Judge's decision, and it denied review. (R. 6-8.) Thus, the Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

Plaintiff's borderline intellectual function would meet the requirements of the Commissioner's Listings if any IQ score was between 60 and 70 and she suffered "a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. §§ 404.1525 and 416.925, Appendix 1, § 12.05C. Clearly the instant Law Judge found that plaintiff did not suffer other impairments imposing additional and significant limitations. By the same token, he observed generally that obesity, and here plaintiff was 64 inches tall and weighed 270 pounds, was "an impairment having significant causes and effects." (R. 26.) It seems as though the Law Judge's finding that there were no additional or significant limitations is incongruous with what he recognized as ususal effects of obesity.

While obesity has been removed from the Commissioner's Listings, there can be no debate that it can have significant vocational effects. There is no question the Law Judge was aware of this when he acknowledged that he would need to take plaintiff's obesity into account in assessing her residual functional capacity. (R. 26.) The problem here is that because plaintiff's IQ placed her within the purview of the Listings, consideration of her obesity on her work-related capacity needed to be accounted for at that level of the sequential analysis, not at a later level. Moreover, there was undisputed vocational evidence brought out in response to the Law Judge's questions to the VE demonstrating that the effects of plaintiff's marginal education synergistically combined with her other limitations to produce significant "other" limitations on her ability to perform work-related activities. (R. 281.)

3

It also is well recognized that where the claimant has proved an inability to perform his/her past relevant work, the burden shifts to the Commissioner to produce evidence that alternate gainful activity is available in significant numbers to the claimant. 20 C.F.R. §§ 404.1520 and 416.920. Should non-exertional limitations be present, the Commissioner is not permitted to discharge that burden by relying on the grids, but instead, she must present vocational evidence in order for the testimony of a VE. 20 C.F.R. §§ 404,1569 and 416.969, Appendix II, § 200.00(e). For vocational evidence to be relevant, the Law Judge must properly set out in hypothetical questions to the VE all of plaintiff's impairments and their effects which are shown by the substantial evidence. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Otherwise, the Commissioner will not be seen has having discharged her sequential burden.

Here, the Law Judge made full inquiry of the VE concerning the availability of work in the light and sedentary occupations as if plaintiff had presented a *prima facie* case, though he later determined that plaintiff was able to perform what he found to be her past relevant medium work. (R. 277-280.) This gives the undersigned some pause because, the Commissioner's sequential process mandates that the inquiry cease at any point where the claimant is found either disabled or not disabled at any particular level. 20 C.F.R. § 404.1520 (a) and 416.920(a)(2003). Here, the inquiry to the VE did not stop with questions related solely to plaintiff past relevant work as would be permitted under the current versions of 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2). Instead, he was asked by the Law Judge to opine about the availability of jobs in categories alternate to that of plaintiff's past relevant work, and when he considered the limitations which the record demonstrates were produced either by plaintiff's obesity and by her marginal educational abilities and intellectual function, the VE essentially opined that no jobs existed in significant numbers. (R. 281.) The only way for the Law Judge to have avoided the dispositive effects of this evidence was to back up and deny the claim at the fourth level in the sequential analysis.

4

The undersigned is of the view that the Commissioner's final decision is not supported by substantial evidence, but that there is good cause to remand the case for further proceedings. The Commissioner should be directed that, in the event she is unable to grant benefits under § 12.05C of the Listings on the current record, she is to recommit the case to a Law Judge to clarify his findings at the final three levels of the sequential evaluation in a manner which comports with the Commissioner's own regulations. Those findings then more properly could be reviewed by the court at the final three levels of the Commissioner's sequential evaluation should plaintiff again challenge the Commissioner's decision. It is so RECOMMENDED.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
United States Magistrate Judge

DATE: 10-25-05